IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SONJA ELAINE WHITLOW,           ) | |
| ) | |
| Plaintiff,           ) | |
| ) | |
| v.           ) | CASE NO. 3:05-CV-1189-MEF-CSC |
| ) | [WO] |
| ) | |
| GREGORY MORGAN and           ) | |
| BRENDA BRYANT,           ) | |
| ) | |
| Defendants.           ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Sonja Elaine Whitlow ["Whitlow"], challenges actions taken by Judge Gregory Morgan during proceedings before the Municipal Court of Opelika, Alabama. Whitlow also complains that Brenda Bryant, a private citizen, took adverse actions against her. She seeks declaratory relief and monetary damages from the defendants. *Plaintiff's Complaint* at 3.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I.  DISCUSSION

### A.  Judge Gregory Morgan

Whitlow asserts that Judge Morgan "denied [her] the right to an attorney" in an action before the municipal court.  The claims against Judge Morgan entitle Whitlow to no relief in this cause of action.

1.  <u>The Request for Monetary Damages</u>.  It is clear that the allegations made by the plaintiff against Judge Morgan emanate from actions taken by this defendant in his judicial capacity during court proceedings over which he has jurisdiction.  The law is well established that a municipal judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority.  *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986);  *Stump v. Sparkman*, 435 U.S. 349 (1978).  Consequently, Whitlow's claims for monetary damages against Judge Morgan are "based on an indisputably meritless legal theory" and are therefore due to be dismissed upon application of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

2.  <u>The Request for Declaratory and Injunctive Relief</u>.  To the extent that Whitlow seeks declaratory and injunctive relief requiring that Judge Morgan undertake a particular

---

Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives of the present statute.

course of action in the municipal court proceeding, she is likewise entitled to no relief. This court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983 as federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Datz v. Kilgore*, 51 F.3d 252 (11th Cir. 1995); *Berman v. Florida Board of Bar Examiners*, 794 F.2d 1529 (11th Cir. 1986). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz*, 51 F.3d at 254 (finding that a § 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988). Thus, dismissal of these claims is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke*, *supra*.

### B.  Brenda Bryant

An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by a person acting under color of state law. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff

must assert "*both* an alleged constitutional deprivation . . . *and* that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *American Manufacturers*, 526 U.S. at 50, 119 S.Ct. at 985 (emphasis in original).

Whitlow identifies defendant Bryant as an employee of Jergen Photography in Opelika, Alabama. Whitlow asserts that Bryant committed fraud when "she placed my lights in someone else's name [with] the power company and they mailed a check out" to this other person. *Plaintiff's Complaint* at 3. She also complains that Bryant refused to provide her a "weekly allowance to buy . . . necessities." *Id*. The complaint establishes that Brenda Bryant is not a state actor. Consequently, the actions about which Whitlow complains were not committed by a person acting under color of state law and cannot be considered state actions which is a requisite element for assignment of liability under 42 U.S.C. § 1983. The court therefore concludes that the constitutional claims presented against Ms. Bryant are frivolous and subject to summary dismissal pursuant to the directives 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

It is further

ORDERED that on or before January 23, 2006 the parties may file objections to this

Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 10th day of January, 2006.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE